# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IRONBURG INVENTIONS LTD.

     *Plaintiff,*

v.

COLLECTIVE MINDS GAMING
CO. LTD.

     *Defendant.*

Civil Action No. 1:16-cv-04110-TWT

## DEFENDANT COLLECTIVE MINDS GAMING CO. LTD.'S
## MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW

# TABLE OF CONTENTS

I.     INTRODUCTION .......................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ................................... 3

III.   LEGAL STANDARD ................................................................................... 4

IV.    ARGUMENT................................................................................................. 7

   A.   Ironburg Will Not Be Unduly Prejudiced By A Stay ..................................... 8

   B.   IPR Will Simplify Issues For Trial ............................................................... 11

   C.   This Case Is In The Early Stages of Litigation............................................. 13

V.     CONCLUSION ........................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Autoliv ASP Inc. v. Hyundai Mobis Co., Ltd.*, No. 2:13-cv-141-MHT-WC, 2014 WL 12740260 (M.D. Al. July 29, 2014) ................................................................... 8

*Black and Decker, Inc. v. Positec USA, Inc.*, No. 13-C-3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) ........................................................................................ 10

*Canatelo LLC v. Axis Comms. AB, et al.*, No. 13-1227-GMS, Doc. 57 (D. Del. May 14, 2014) ............................................................................................................. 6

*Capital Sec. Sys., Inc. v. NCR Corp.,* No. 1:14-cv-1516-WSD, 2015 WL 3819336 (N.D. Ga. June 18, 2015) ...................................................................................... 5

*Emerson Electric Co. v. SIPCO LLC*, No. 1:15-CV-0319-AT, 2017 WL 5665563 (N.D. Ga. Jan. 20, 2017) ...................................................................................... 6

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ...................................... 4, 5

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) ............. 11

*Goodman v. Samsung Electronics Am., Inc.*, No. 17-cv-5539 (JGK), 2017 WL 5636286 (S.D. N.Y. November 22, 2017) ................................................................ 7

*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ................... 5

*Intellectual Ventures II v. SunTrust Banks, Inc.,* No. 1:13-cv-02454-WSD, 2014 WL 5019911 (N.D. Ga. Oct. 7, 2014) .................................................................. 6, 7

*Interface Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46-WSD, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) ................................................................................ 9, 12, 13

*IP Co., LLC v. Tropos Networks Inc.*, No. 1:06-CV-0585-CC, 2014 WL 12622444 (N.D. Ga. Mar. 5, 2014) ........................................................................ 6, 9, 11, 13

*Lighting Science Group Corp. v. Shenzen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16-cv-03886-BLF, 2017 WL 2633131 (N.D. Cali. June 19, 2017) ............ 9, 10

*Richtek Tech. Corp. v. UPI Semiconductor Corp.,* No. C 09-05659 WHA, 2011 WL 445509 (N.D. Cal. Feb. 3, 2011) .................................................................... 12

*Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST(JPRx), 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ..................................... 5

*Softview LLC v. Apple Inc.*, No. 12-989-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013) ........................................................................................................ 11

*Southwire Co. v. Cerro Wire, Inc.*, No. 3:08-CV-92-JTC, 2009 WL 10664896 (N.D. Ga. May 12, 2009) ......................................................................... 8

*Textron Innovations, Inc. v. Toro Co.*, No. 05-486-GMS, 2007 WL 7772169 (D. Del. Apr. 25, 2007) ....................................................................... 12

*T-Rex Property AB v. Adaptive Micro Sys., LLC,* No. 16 C 5667, 2017 WL 372311 (N.D. Ill. Jan. 26, 2017) ........................................................... 6

*Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999) .................. 7

*Zillow, Inc. v. Trulia, Inc.,* No. 12–1549, 2013 WL 5530573 (W.D.Wash. Oct. 7, 2013) ............................................................................................... 10

**Statutes**

35 U.S.C. § 314(b) ...................................................................................... 4

35 U.S.C. § 315(e)(2) ................................................................................. 13

35 U.S.C. § 316(a)(11) ................................................................................ 4

## I.  INTRODUCTION

Plaintiff Ironburg Inventions Ltd. ("Ironburg"), a United Kingdom company, accuses Defendant Collective Minds Gaming Co. Ltd. ("Collective Minds") of infringing the following five patents pertaining to video game controllers: U.S. Patent Nos. 8,641,525 (hereafter the "'525 Patent"); 9,089,770 (hereafter the "'770 Patent"); 9,289,688 (hereafter the "'688 Patent"); 9,352,229 (hereafter the "'229 Patent"); and 9,308,450 (hereafter the "'450 Patent") (collectively, the "Asserted Patents"). These patents may be divided into two distinct groups. First, the '525, '770, '688, and '229 Patents focus on paddle-style controls located on the back of a standard video game controller (collectively, the "Paddle Patents"). Second, the '450 Patent is directed to adjustable trigger controls on a standard video game controller (the "Trigger Patent").

Because the Asserted Patents are nothing more than obvious extensions of video game controller technology that was well known in the industry, Collective Minds has filed Petitions for *Inter Partes* Review ("IPR"), asking the U.S. Patent and Trademark Office ("PTO") to invalidate all claims of the Paddle Patents[1]

---

[1] While also invalid, the Trigger Patent is asserted against a low-volume product that Collective Minds has ceased manufacturing such that the expense of an additional IPR simply is not justified for the Trigger Patent.

asserted in this litigation.[2] First enlisting the PTO's expertise on questions of invalidity could entirely avoid the need to expend more of this Court's and the parties' resources litigating infringement, invalidity, and damages on claims that may very well be cancelled as invalid. To take advantage of the efficiencies offered by IPRs, Collective Minds asks the Court to stay the instant litigation pending resolution of the PTO's review.

As discussed herein, staying litigation pending the resolution of IPRs is a well accepted practice both nationwide and in the Northern District of Georgia. Additionally, the normal arguments for staying litigation pending IPRs are significantly bolstered by the fact that the PTO has already cancelled numerous claims from the Paddle Patents and is currently reviewing the validity of others. Namely, after the Paddle Patents were asserted against Valve Corporation ("Valve") in this Court,[3] Valve filed numerous IPR petitions contesting the validity of the Paddle Patents. Two of Valve's IPR petitions resulted in the cancellation of numerous claims from the '525 and '770 Patents[4] asserted in this case, the PTO is

---

[2] *See* Ex. A, *Collective Minds IPR Petition (IPR2018-00354)*; Ex. B, *Collective Minds IPR Petition (IPR2018-00355);* Ex. C, *Collective Minds IPR Petition (IPR2018-00356);* Ex. D, *Collective Minds IPR Petition (IPR2018-00357).*

[3] *Ironburg Inventions Ltd., et al, v. Valve Corporation, et al*, No. 1:15-cv-004219-TWT (N.D. Ga.), which has been transferred to the District Court for the Western District of Washington (No. 2:17-cv-01182-TSZ).

[4] *See Valve Corp. v. Ironburg Inventions Ltd.*, IPR2016-00948, Paper 44 (PTAB Sep. 22, 2017); and *Valve Corp. v. Ironburg Inventions Ltd.*, IPR2016-00949, Paper 45 (PTAB Sep. 22, 2017).

currently reviewing the validity of the '229 Patent,[5] and Valve has also filed an IPR Petition challenging the '688 Patent.[6] In light of the pending PTO reviews, the Valve transferee court has already stayed litigation with respect to the '229 and '688 Patents, finding "the proceedings before the [PTO] will likely simplify this litigation without causing undue prejudice or resulting in an unfair tactical advantage." *See* No. 2:17-cv-01182-TSZ (W.D. Wash), Dkt. 148, at 2.

Given that (1) the Paddle Patents have already been shown to be susceptible to invalidity challenges, and (2) the newly-filed IPR Petitions cover every asserted claim from the Paddle Patents in this litigation, Collective Minds respectfully requests that the Court stay this litigation pending the completion of the IPRs.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Ironburg filed this lawsuit on November 2, 2016. Dkt. 1, *Complaint*. Collective Minds was served on January 4, 2017. The Court entered a scheduling order in this case on May 15, 2017. Dkt. 28, *Scheduling Order*. On June 8, 2017, Ironburg served its disclosure of asserted claims and preliminary infringement contentions. On July 10, 2017, Collective Minds served its disclosure of preliminary non-infringement and invalidity contentions. Claim construction is

---

[5] *Valve Corp. v. Ironburg Inventions Ltd.*, IPR2017-00858, Paper 7 at 18 (PTAB Sep. 1, 2017) (finding "Valve has demonstrated a reasonable likelihood of showing that claims 1-3, 9, 10, 20, 22, 26-30 are [invalid]").

[6] *Valve Corp. v. Ironburg Inventions Ltd.*, IPR2017-01928, Paper 1 (PTAB Aug. 9, 2017).

fully briefed, and a *Markman* hearing is set for February 6, 2018. Fact discovery is minimally underway, with Ironburg having served a set of requests for production of documents on December 14, 2017. No depositions have occurred or been scheduled. Further, expert discovery is not set to begin for another nine months, and no trial date has been set.

Following the receipt of Ironburg's asserted claims in June 2017, Collective Minds began preparing four IPR petitions directed to the Paddle Patents, which were each filed on January 3, 2018. *See* Ex. A-D, *Collective Minds IPR Petitions*. The PTO issued a Notice of Filing Date Accorded to the four petitions on January 10, 2018, and an institution decision will issue under statutory mandate by July 10, 2018. *See* 35 U.S.C. § 314(b). After institution, the PTO will complete the proceedings and issue final decisions as to the validity of the asserted claims by July 10, 2019. *See* 35 U.S.C. § 316(a)(11).

## III.   LEGAL STANDARD

There is a longstanding recognition in patent law that PTO review processes permit efficient resolution of patent validity "without recourse to expensive and lengthy infringement litigation." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (quoting H.R. Rep. No. 1307(I) 96th Cong., 2d Sess. 4) (PTO review provides "an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the PTO's expertise"). Congress intended

these processes to "reduce expensive patent litigation in U.S. district courts" by serving "as an alternative to litigation." 145 Cong. Rec. S 14720 (Nov. 17, 1999); *see also*, *e.g.*, *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Further, Congress created the new *inter partes* review system as part of the 2011 America Invents Act to make PTO review processes quicker and cheaper alternatives to litigation. H.R. Rep. No. 112–98, pt. 1, at 48 (2011) (noting Congress's intent to improve upon limitations to the prior reexamination system and stating that "the purpose of the section is providing quick and cost effective alternatives to litigation.").

Litigation stays allow IPRs to serve as the alternative to litigation they are intended to be. If litigation is ongoing, IPRs are an additional activity rather than an alternative activity. Within this context, the decision whether to grant a stay lies within the sound discretion of the court. *Capital Sec. Sys., Inc. v. NCR Corp.,* No. 1:14-cv-1516-WSD, 2015 WL 3819336 at *2 (N.D. Ga. June 18, 2015); *see also, e.g., Ethicon,* 849 F.2d at 1426-27 (citations omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). The same reasoning that has supported this liberal policy of judicial discretion for a stay with patent reexamination procedures applies with even greater force in the context of stays pending an IPR. *See, e.g., Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux*

*Corp.*, No. SACV 12-21- JST(JPRx), 2012 WL 7170593, at *3-4 (C.D. Cal. Dec. 19, 2012) (granting a stay pending IPR, and noting that "the delay caused by the new IPR procedure is significantly less than the delay caused by the old procedure."). Courts in this District have ordered numerous stays pending IPRs. *See, e.g., Emerson Electric Co. v. SIPCO LLC*, No. 1:15-CV-0319-AT, 2017 WL 5665563 (N.D. Ga. Jan. 20, 2017) (granting stay since all three factors weigh towards a stay, particularly when the PTAB's potential decisions in the pending IPR petitions could have a significant impact on the Court's decisions); *IP Co., LLC v. Tropos Networks Inc.*, No. 1:06-CV-0585-CC, 2014 WL 12622444 (N.D. Ga. Mar. 5, 2014) (granting stay since the PTO's decision could dispose of the case in its entirety, reduce the number of claims in dispute, or define the scope of the claims at issue); *Intellectual Ventures II v. SunTrust Banks, Inc.,* No. 1:13-cv-02454-WSD, 2014 WL 5019911 (N.D. Ga. Oct. 7, 2014) (granting stay since the case is still in its infancy with no trial date set and minimal discovery completed and noting that the Court will be aided by the interpretation offered by the PTAB).

Additionally, courts regularly grant motions to stay prior to institution of the IPR. *See, e.g.*, Ex. E, *Canatelo LLC v. Axis Comms. AB, et al.*, No. 13-1227-GMS, Doc. 57 at 2, n.2 (D. Del. May 14, 2014) (granting stay since statistics indicate that it is very likely the PTAB will grant the IPR Petition, allowing judicial resources to be conserved); *T-Rex Property AB v. Adaptive Micro Sys., LLC,* No. 16 C 5667,

2017 WL 372311 (N.D. Ill. Jan. 26, 2017) (granting stay noting the fact that the PTAB has not yet rendered institution decisions does not eliminate the benefits of a stay); *Goodman v. Samsung Electronics Am., Inc.*, No. 17-cv-5539 (JGK), 2017 WL 5636286 (S.D. N.Y. November 22, 2017) (granting stay since the PTAB is likely to institute review here when it has previously instituted review over the same patents in a similar case but the parties settled before a final decision could be made).

Courts, including this one, perform a balancing analysis using three factors to determine whether it is appropriate to grant a motion to stay: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set. *Intellectual Ventures II v. SunTrust Banks, Inc.,* No. 1:13-cv-02454-WSD, 2014 WL 5019911 at *2 (N.D. Ga. Oct. 7, 2014) (citing *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999).

## IV.   ARGUMENT

Each of the three factors weighs strongly in favor of granting a stay here. Before the Court and the parties expend further litigation resources, the PTO should be allowed to complete a patentability review and either invalidate the asserted claims in the Paddle Patents or, at a minimum, to weigh in on the scope

and construction of those claims, all of which are challenged in Collective Minds'
IPR Petitions.

### A.    Ironburg Will Not Be Unduly Prejudiced By A Stay

Granting the requested stay would not prejudice Ironburg. The question of
undue prejudice is informed by four-sub-factors including: "(1) the timing of the
[IPR] request; (2) the timing of the request for stay; (3) the status of the [IPR]
proceedings; and (4) the relationship of the parties. *Autoliv ASP Inc. v. Hyundai
Mobis Co., Ltd.*, No. 2:13-cv-141-MHT-WC, 2014 WL 12740260 at *2 (M.D. Al.
July 29, 2014). Consistently, courts have held that the mere passage of time "does
not demonstrate undue prejudice." *Southwire Co. v. Cerro Wire, Inc.*, No. 3:08-
CV-92-JTC, 2009 WL 10664896 at *3 (N.D. Ga. May 12, 2009) (citing *Implicit
Networks, Inc. v. Advanced Micro Devices, Inc*., No. C08-184JLR, 2009 WL
357902 at *3 (W.D. Wash. Feb. 9, 2009)*.

Nor does the timing of these IPRs support a finding of undue prejudice.
Collective Minds prepared and filed its four IPR petitions within six months of
Ironburg identifying the asserted claims that would need to be challenged.
Collective Minds has requested a stay to this litigation virtually
contemporaneously to the PTO issuing IPR filing dates. Although the IPRs here
have not yet been instituted, statistics demonstrate that the PTAB is significantly
more likely than not to institute review—approximately 69 percent of the electrical

and mechanical arts IPR petitions are instituted. *See* Ex. F, *November 2017 PTAB Statistics*, available at https://www.uspto.gov/sites/default/files/documents/trial_statistics_nov2017.pdf, at 8 (2017).[7] Because of these statistics and the swiftness of institution decisions, courts in this District frequently impose a stay prior to the institution decision. *See, e.g.*, *Intellectual Ventures II,* 2014 WL 5019911 at *1 (staying litigation before all asserted patents were instituted); *IP Co*, 2014 WL 12622444 at *1, *4 (same); *Interface Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46-WSD, 2013 WL 5945177 at *5 (N.D. Ga. Nov. 5, 2013) (staying litigation before institution).

Even where parties directly compete, courts have found "the case for prejudice is weak at best" where (1) the Plaintiff fails to present concrete evidence of lost sales or market share, (2) the Defendant is one of many competitors, and (3) the Plaintiff has licensed its patents and/or has failed to move for a preliminary injunction. *Lighting Science Group Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16-cv-03886-BLF, 2017 WL 2633131 at *4 (N.D. Cal. June 19, 2017). Each of these facts exists here.

To date, Ironburg has produced no evidence of lost sales or lost market share due to the sales of Collective Minds controller modification modules. Nor is it

---

[7] The Electrical and Mechanical arts maintain the highest institution rate compared to other technology such as Bio/Pharma at 61%, Chemical at 66%, and Design patents at 41%. *See id*.

likely that Ironburg could produce such evidence. Unlike Plaintiff's operating entity, Scuf Gaming, Collective Minds does not manufacture or sell actual gaming controllers. Rather, Collective Minds sells modules capable of being combined with third party controllers.

Additionally, the existence of multiple competitors in the video game controller market weighs heavily against a finding of prejudice here. *Black & Decker, Inc. v. Positec USA, Inc.*, No. 13-C-3075, 2013 WL 5718460 at *2 (N.D. Ill. Oct. 1, 2013) (granting stay because Defendant "present[ed] evidence that there are multiple competitors in … the market, limiting the danger of a loss of market share). The previous litigation instituted against *Valve Corp.* over the same patents asserted in this case evidences other competitors.[8] In addition to other third party competitors, each major video game console company produces its own video game controllers that compete with Ironburg.

Finally, a patentee's willingness to license the patents and its failure to pursue preliminary injunctive relief weigh against undue prejudice because they indicate that monetary damages are sufficient to make the patentee whole. *Zillow, Inc. v. Trulia, Inc.,* No. 12–1549, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013); *Lighting Science*, 2017 WL 2633131 at *4. Ironburg admits in its pleadings that it licenses its patents to Microsoft Corporation (Dkt. No. 1 at ¶ 12), and

---

[8] *See supra* at note 2.

Ironburg did not move for preliminary injunctive relief. Thus, any potential injury here may be adequately remedied by monetary damages, weighing strongly against a finding of undue prejudice resulting from the requested stay.

### B.     IPR Will Simplify Issues For Trial

Granting a stay here will simplify issues for trial. First, because Collective Minds' IPR Petitions challenge the validity of all relevant asserted claims at issue, their success would eliminate the need for continued litigation altogether. *See*, *e.g.*, *Softview LLC v. Apple Inc.*, No. 12-989-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013) ("litigation would be 'simplified' because it would be concluded"); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (when a claim is cancelled, "the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot"). The Paddle Patents are particularly susceptible to invalidity challenges— two previous IPRs have already resulted in a final written decision invalidating numerous asserted claims. *See Valve Corp. v. Ironburg Inventions Ltd.*, IPR2016-00948, Paper 44 (PTAB Sep. 22, 2017); and *Valve Corp. v. Ironburg Inventions Ltd.*, IPR2016-00949, Paper 45 (PTAB Sep. 22, 2017). The probability of a similar outcome in this litigation should, on its own, justify a stay.

Even if only some of the asserted claims were found to be invalid, "the case will be simplified by a reduction of claims in dispute." *IP Co., LLC v. Tropos*

*Networks Inc.*, No. 1:06-CV-0585-CC, 2014 WL 12622444 at *3 (N.D. Ga. Mar. 5, 2014) (holding that "[e]ven if the PTO validates the claims, the decision of the PTO will greatly assist the Court in defining the scope of the claims at issue and rendering an ultimate determination as to infringement"). Moreover, even if institution is denied or all of the asserted claims remain valid after an instituted IPR is completed, the creation of additional prosecution history, including the determination of claim scope by the PTAB, would still simplify the issues in this litigation and benefit the Court in any post-stay *Markman* process. *Interface Inc.,* No. 4:13-cv-46-WSD, 2013 WL 5945177 at *4 (in construing the patent, the Court will be aided by the interpretation offered by the PTO); *Richtek Tech. Corp. v. UPI Semiconductor Corp.,* No. C 09-05659 WHA, 2011 WL 445509, at *3 (N.D. Cal. Feb. 3, 2011) ("Even if none of the asserted claims are cancelled or amended, this action will be shaped by the richer prosecution history available to inform the claim construction process."). Absent a stay, there is a "risk of inconsistent adjudications or the issuance of advisory opinions," which can complicate, rather than simplify a case. *See Textron Innovations Inc. v. The Toro Co.*, No. 05-486-GMS, 2007 WL 7772169, at *3 (D. Del. Apr. 25, 2007) (granting stay and finding that the PTO activity "could potentially make a significant difference in what needs to be tried"). Completing the intrinsic record with the PTO's expertise, rather than proceeding on a still-developing record, conserves resources.

Finally, even in the event that an instituted IPR results in asserted claims ultimately being confirmed as patentable, the invalidity issues in this case will be further simplified due to Collective Minds being estopped from asserting any ground of invalidity that Collective Minds "raised or reasonably could have raised" during the IPR. *See* 35 U.S.C. § 315(e)(2).

Thus, a stay pending completion of the IPRs has significant potential to eliminate asserted claims and/or invalidity defenses in this case and will simplify issues in this litigation regardless of its outcome. This factor weighs heavily in favor of a stay in this case.

### C.     This Case Is In The Early Stages of Litigation

Because this case is still in the very early stages of litigation, substantial party and judicial resources can be preserved through the requested stay. A trial date has not been set, fact discovery is in its infancy—only a single discovery request has been served—and is not scheduled to end until the latter of May 25, 2018 or 45 days after the Court's claim construction order, and the claim construction hearing has not yet occurred. Cases in the early stages of litigation, like this one, are well positioned for a stay because the vast majority of litigation expense and effort has yet to be incurred. *Interface Inc.*, No. 4:13-cv-46-WSD, 2013 WL 5945177 at *4 (holding the progress of the case favors a stay since no trial date has been set and discovery is ongoing); *see also IP Co., LLC.*, No. 1:06-

13

CV-0585-CC, 2014 WL 12622444 at *2 (holding the case is in its early stages and well-positioned for stay even though the case has been pending for several years since no trial date has been set, no claim construction hearing conducted, and the parties have not engaged in significant discovery); *see also Intellectual Ventures II,* No. 1:13-cv-02454-WSD, 2014 WL 5019911 at *2 (holding the progress of the case favoring a stay when no trial date is set, neither party has moved for summary judgment, and fact discovery is ongoing).

## V.    CONCLUSION

Pragmatism and efficiency warrant a stay here. Ironburg will suffer no prejudice and there is a high likelihood that Collective Minds' IPRs will simplify, if not moot entirely, the issues in this case. Additionally, this case is still in its early stages, with the vast majority of party and Court resources yet to be expended. For the reasons set forth above, Collective Minds respectfully asks this Court to grant a stay pending resolution of Collective Minds' IPRs.

Dated:  January 19,  2018                   Respectfully submitted,

                                            HILL, KERTSCHER & WHARTON, LLP

                                            */s/ Steven G. Hill*
                                            Steven G. Hill, GA Bar No. 354658
                                            Martha L. Decker, GA Bar No. 420867
                                            3350 Riverwood Parkway, Suite 800
                                            Atlanta, Georgia 30339
                                            Telephone: (770) 953-0995
                                            Facsimile: (770) 953-1358
                                            Email:    sgh@hkw-law.com

md@hkw-law.com

OF COUNSEL:

E<small>RISE</small> IP, P.A.
Eric A. Buresh, admitted *pro hac vice*
7015 College Blvd., Suite 700
Overland Park, KS 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
Email:     eric.buresh@eriseip.com

E<small>RISE</small> IP, P.A.
Paul R. Hart, admitted *pro hac vice*
Michelle A. Callaghan, admitted *pro hac vice*
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
Email:   paul.hart@eriseip.com
         michelle.callaghan@eriseip.com

*Attorneys for Defendant Collective*
*Minds Gaming Co. Ltd*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

Pursuant to LR 7.1(D), the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font, as permitted on LR 5.1(C).


Dated: <u>January 19, 2018</u>                    Respectfully submitted,

                                                                */s/ Michelle Callaghan*
                                                                Michelle A. Callaghan


                                                                *Attorney for Defendant*
                                                                *Collective Minds Gaming Co. Ltd.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 19, 2018, a true and correct copy of the **DEFENDANT COLLECTIVE MINDS GAMING CO. LTD.'S MOTION TO STAY LITIGATION PENDING *INTER PARTES REVIEW*** was filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

Dated: <u>January 19, 2018</u>              Respectfully submitted,

                                        */s/ Michelle Callaghan*
                                        Michelle A. Callaghan

                                        *Attorney for Defendant*
                                        *Collective Minds Gaming Co. Ltd.*

17